UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MORENO, | 1: 07 CV 01242 OWW  WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 6] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the court is Respondent's motion to dismiss.

**LEGAL STANDARDS**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.

1 Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by
2 way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,
3 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
4 F.2d 840, 842 (5th Cir.1980).

5 In contrast, a federal prisoner challenging the manner, location, or conditions of that
6 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
7 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,
8 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States
9 v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir.
10 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States,
11 610 F.2d 672, 677 (9th Cir. 1990).

12 A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he
13 can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of
14 his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro,
15 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very
16 narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual
17 innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is
18 inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding
19 that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or
20 ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
21 insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)
22 (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do
23 not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th  Cir.1957);
24 Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d
25 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the
26 All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is
27 inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
28 //

## DISCUSSION

Respondent moves to dismiss this petition on the ground that the court lacks subject matter jurisdiction. Petitioner has not responded to the motion.

Respondent contends that the remedy available under Section 2255 is not inadequate or ineffective, because Petitioner could have raised any of the issues he formulates in his petition at any time during the proceedings against him. He argues that because Petitioner has not attempted to shw either that his factual innocence or the inadequacy of Section 2255 as a remedy, his petition should be dismissed for lack of jurisdiction. The court must agree.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) That Respondent's motion to dismiss be GRANTED;
2) That this petition for writ of habeas corpus be DISMISSED for lack of subject matter jurisdiction;
3) That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 10, 2008                     /s/  William M. Wunderlich

UNITED STATES MAGISTRATE JUDGE